<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4171**

───────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

DANIEL CHARLES LEWIS,

          Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (5:10-cr-00147-FL-1)

───────────

Submitted:  October 27, 2011     Decided:  November 15, 2011

───────────

Before WILKINSON, MOTZ, and DIAZ, Circuit Judges.

───────────

Vacated and remanded by unpublished per curiam opinion.

───────────

Stephen Clayton Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Charles Lewis pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). The district court sentenced Lewis to 324 months' imprisonment. Lewis appealed and filed an unopposed motion to vacate his conviction in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). We grant the motion.

Under 18 U.S.C. § 922(g)(1), it is unlawful for any person convicted of a crime punishable by imprisonment for a term exceeding one year to possess a firearm. Under North Carolina's structured sentencing regime, Lewis could not have received a custodial sentence of more than one year for his previous convictions given his criminal history. See N.C. Gen. Stat. § 15A-1340.17 (c)-(d) (2009). Therefore, Lewis lacks the predicate conviction required to confer guilt under 18 U.S.C. § 922(g)(1). When the district court accepted Lewis's plea, this argument was foreclosed by our decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). Subsequently, however, we overruled Harp with our en banc decision in Simmons. In view of our holding in Simmons, we grant Lewis's motion, vacate his conviction, and remand to the district court for further proceedings.

We direct the clerk to issue the mandate forthwith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED